[Cite as *Cuyahoga Cty. Bar Assn. v. Rockman*, 94 Ohio St.3d 12, 2001-Ohio-6975.]

CUYAHOGA COUNTY BAR ASSOCIATION *v.* ROCKMAN.

[Cite as *Cuyahoga Cty. Bar Assn. v. Rockman* (2001), 94 Ohio St.3d 12.]

*Attorneys at law — Misconduct — Permanent disbarment — Engaging in illegal conduct involving moral turpitude — Engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation — Engaging in conduct adversely reflecting on fitness to practice law — Neglect of an entrusted legal matter — Failing to carry out contract for professional employment — Prejudicing or damaging client during course of professional relationship — Engaging in conduct prejudicial to the administration of justice — Entering into an agreement for, charging, or collecting an illegal or clearly excessive fee — Handling a legal matter without adequate preparation — Concealing or knowingly failing to disclose that which is required by law to be revealed — Failing to maintain complete records of all funds coming into lawyer's possession and render appropriate accounts thereof — Practicing in a jurisdiction where doing so is in violation of the regulations of that jurisdiction — Neglecting or refusing to assist or testify in a disciplinary investigation or hearing.*

(No. 01-1203 — Submitted August 28, 2001 — Decided December 19, 2001.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 00-100.

_____

**Per Curiam.** After respondent, Thomas G. Rockman of Tampa, Florida, Attorney Registration No. 0033314, failed to answer a five-count complaint filed against him on December 4, 2000, by relator, Cuyahoga County Bar Association,

the matter was referred to Master Commissioner John R. Milligan for ruling upon the relator's motion for default.

The master commissioner found that a notice of respondent's default was served on respondent, who had an opportunity to answer. Based upon the unanswered complaint and exhibits submitted by relator, the master commissioner found that in 1995, John J. Hernandez paid respondent $600 to represent him in connection with a personal injury claim and a motor vehicle citation. Although respondent met with Hernandez over a period of two years and represented to Hernandez that he had filed his personal injury suit, respondent did not file any action for Hernandez. The master commissioner concluded that respondent's conduct violated DR 1-102(A)(3) (a lawyer shall not engage in illegal conduct involving moral turpitude), 1-102(A)(4) (a lawyer shall not engage in conduct involving dishonesty, fraud, deceit, or misrepresentation), 1-102(A)(6) (a lawyer shall not engage in conduct adversely reflecting on the lawyer's fitness to practice law), 6-101(A)(3) (a lawyer shall not neglect an entrusted legal matter), 7-101(A)(2) (a lawyer shall not fail to carry out a contract for professional employment), and 7-101(A)(3) (a lawyer shall not prejudice or damage his client).

In addition, the master commissioner found that in 1995, respondent agreed to process a claim for toxic chemical exposure for Hernandez on a contingent fee basis. During the next year, respondent showed Hernandez a letter purportedly from the defendant company, said that he had filed a complaint against the company, and showed Hernandez an answer, which he represented as having been filed by the company. In fact, respondent had not filed any claims or pleadings for Hernandez or received any correspondence or pleadings from the company. The master commissioner concluded that respondent's conduct in relation to this matter violated DR 1-102(A)(4), 1-102(A)(5) (a lawyer shall not engage in conduct prejudicial to the administration of justice), 6-101(A)(3), 7-101(A)(2), and 7-101(A)(3).

The master commissioner also found that after Hernandez was struck by a drunk driver in a different motor vehicle accident, respondent falsely represented himself to the insurance company as having been retained by Hernandez. He then negotiated and settled Hernandez's claim against the insurance company without Hernandez's permission. Respondent eventually informed Hernandez that respondent would have to pay $4,300 out of the settlement funds to another attorney for services involved in the personal injury action. The master commissioner concluded that on this count, respondent violated DR 1-101(A)(3), 1-102(A)(4), 1-102(A)(5), 1-102(A)(6), 2-106(A) (a lawyer shall not enter into an agreement for, charge, or collect an illegal or clearly excessive fee), 6-101(A)(2) (a lawyer shall not handle a legal matter without preparation adequate in the circumstances), 6-101(A)(3), 7-102(A)(3) (a lawyer shall not conceal or knowingly fail to disclose that which he is required by law to reveal), and 9-102(B)(3) (a lawyer shall maintain complete records of all funds coming into the lawyer's possession and render appropriate accounts thereof).

Finally, the master commissioner found that respondent failed to cooperate with relator's attempts to investigate the charges against him, that he consistently failed to register with the Supreme Court since September 1991, and that in July 1998, we suspended him from the practice of law for failure to meet his continuing legal education requirements. *In re Report of Comm. on Continuing Legal Edn.* (1998), 82 Ohio St.3d 1456, 696 N.E.2d 215. As to these counts, the master commissioner found that respondent violated DR 3-101(B) (practicing in a jurisdiction where doing so is in violation of the regulations of that jurisdiction) and Gov.Bar R. V(4)(G) (no attorney shall neglect or refuse to assist or testify in an investigation or hearing).

The master commissioner found no mitigating circumstances and recommended that respondent be disbarred from the practice of law in Ohio. The

board adopted the findings, conclusions, and recommendation of the master commissioner.

We have reviewed the record in this case and adopt the findings, conclusions, and recommendation of the board. Respondent is hereby permanently disbarred from the practice of law in Ohio. Costs are taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER and LUNDBERG STRATTON, JJ., concur.

COOK, J., concurs in judgment.

_____

*Howard D. Mishkind, Jacob A.H. Kronenberg* and *Thomas E. Kocovsky, Jr.,* for relator.

_____